LeClairRyan, a Professional Corporation
830 Third Avenue, Fifth Floor
New York, New York 10022
Telephone: (212) 430-8032
Facsimile: (212) 430-8062
Michael T. Conway, Esq.

Attorneys for Scarborough-St James Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SCARBOROUGH-ST JAMES CORPORATION, et al. | Case No. 03-17966 (JMP) |
| | (Jointly Administered) |
| Debtors. | |
| MADISON REALTY CAPITAL, L.P.; and 67599 SOUTH MAIN STREET, RICHMOND LLC, | Adv. Pro. No. 09-01260 (JMP) |
| Plaintiffs, | **AMENDED ANSWER TO COMPLAINT** |
| - against - | |
| SCARBOROUGH-ST JAMES CORPORATION, | |
| Defendant. | |

Defendant Scarborough-St James Corporation ("SSJC"), by and through its attorneys, LeClairRyan, a Professional Corporation, for its amended answer to the complaint (the "Complaint") of plaintiffs, Madison Realty Capital, L.P. ("Madison") and 67500 South Main Street, Richmond, LLC, responds as follows:

1

1. Denies the allegations contained in paragraphs 5, 7, 8, 10, 21, 28, 31, 38, 39, 41, 43, 44, 47, 48, 50, 51, 53, 54, 57, 58, 60, 61, 62, 64, 65, 66, 70 and 71 of the Complaint.

2. State that it lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies the allegations contained in paragraphs 1, 2, 20, 22, 26, 33, 35 and 36 of the Complaint.

3. Admits the allegations contained in paragraphs 3, 4, 11, 12, 13, 15, 16, 18, 19, 25, 29, 30, 32, 40, 46, 52 and 56 of the Complaint.

4. Repeats and re-alleges the foregoing responses in response to paragraphs 45, 49, 55, 59, 63 and 67 of the Complaint.

5. Admits the allegation contained in paragraph 6 of the Complaint that an Intermediate Net Lease, which was amended in June 2006 by an Amended and Restated Intermediate Lease (herein, "the Intermediate Lease"), was created, but otherwise denies the allegations and characterizations of plaintiffs.

6. Admits the allegation contained in paragraph 9 of the Complaint insofar as it alleges SSJC does not rent a storefront at the Shopping Center, but otherwise denies the allegations and characterizations of plaintiffs.

7. Admits the allegation contained in paragraph 14 of the Complaint insofar as it alleges SSJC's bankruptcy is still pending and that a plan of reorganization has been confirmed, but otherwise denies the allegations and characterizations of plaintiffs.

8. Admits the allegation contained in paragraph 18 of the Complaint insofar as it alleges RRLP executed and delivered to Madison a promissory note in the original principal amount of $3,100,000.00, but otherwise denies the allegations and characterizations of plaintiffs.

9. Admits that the DIP Order discussed in paragraph 23 of the Complaint speaks for itself, but otherwise denies the allegations and characterizations of plaintiffs.

10. Admits that the DIP Order discussed in paragraph 24 of the Complaint speaks for itself, but otherwise denies the allegations and characterizations of plaintiffs.

11. Admits the allegation contained in paragraph 27 of the Complaint insofar as it alleges that SSJC entered into an agreement on September 24, 2008 with Madison as set forth in Exhibit G to the Complaint, but otherwise denies the allegations and characterizations of plaintiffs.

12. Admits the allegation contained in paragraph 34 of the Complaint insofar as it alleges that the parties stipulated to a dismissal of the October 2008 Action, but otherwise denies the allegations and characterizations of plaintiffs.

13. Admits the allegation contained in paragraph 37 of the Complaint insofar as it alleges that plaintiff began contacting tenants at the Shopping Center, but otherwise denies the allegations and characterizations of plaintiffs.

14. Admits the allegation contained in paragraph 42 of the Complaint insofar as it alleges that plaintiffs removed the State Court Proceeding to this Court, but otherwise denies the allegations and characterizations of plaintiffs.

15. Admits that the DIP Order discussed in paragraph 68 of the Complaint speaks for itself, but otherwise denies the allegations and characterizations of plaintiffs.

16. Admits the allegation contained in paragraph 69 of the Complaint insofar as it alleges that a controversy exists as to the effect of the DIP Order, but denies that a controversy exists as to the enforceability of the DIP Order.

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiffs have improperly venued this dispute in the bankruptcy court in violation of their agreement to arbitrate all disputes relating to the Intermediate Lease which they inherited from Richmond Realty Limited Partnership.

## AS AND FOR A THIRD DEFENSE

Other than with the possible exception for certain issues touching on an order of the Bankruptcy Court (in another bankruptcy case) relating to priority of liens, this is not a core proceeding in that because its resolution would affect issues between MCANY of Richmond II limited Partnership ("MCANY II") and the plaintiffs, not SSJC and the plaintiffs, and therefore only indirectly effects SSJC's estate, nor would it effect SSJC's creditors.

## AS AND FOR A FOURTH DEFENSE

SSJC's rights under the Intermediate Lease flow from its Servicing Agreement with MCANY II (attached hereto as Exhibit "A") and from the Stipulation Resolving Claims dated as of June 26, 2006. Plaintiffs claims that SSJC, in acting on its own behalf, were somehow meant to affect the rights of MCANY II, is unsupported by the facts or the law.

## AS AND FOR A FIFTH DEFENSE

The DIP Order did not result in a subordination of the Intermediate Lease which was first recorded on December 20 , 1985 as set forth in Exhibit "B" hereto.

### AS AND FOR A SIXTH DEFENSE

The Foreclosure did not have an effect on the Intermediate Lease other than insofar as it substituted one or both of the plaintiffs for RRLP.

### AS AND FOR A SEVENTH DEFENSE

Pursuant to Michigan state law, a foreclosure by advertisement does not extinguish a lease in effect prior to the mortgage being foreclosed.

### AS AND FOR AN EIGHTH DEFENSE

SSJC, on behalf of itself and MCANY II, have served a Demand for Arbitration and Statement of Claim on plaintiffs (the "Demand"). SSJC hereby incorporates its allegations in the Demand, a copy of which is attached hereto as Exhibit "C," by reference.

### AS AND FOR A NINTH DEFENSE

This action was filed as a ploy to get around the Order to Show Cause (the "Order") issued by Justice Richard F. Braun, issued after counsel for all parties spent approximately 3 hours in court arguing the issues, first to his Law Secretary, and then to Justice Braun himself, which Order granted a Temporary Restraining Order against any further interference by plaintiffs at the Shopping Center at issue. A copy of the Order is annexed hereto as Exhibit "D."

### AS AND FOR A TENTH DEFENSE

Pursuant to Michigan state law and the terms of the DIP Order, upon purchasing the Shopping Center at foreclosure for the amount of the indebtedness under the DIP Note, all security rights of Madison were canceled because Madison was fully repaid, as set forth in the Affidavit of Auctioneer and Affidavit of Purchaser recorded by Madison, a copy of which is annexed hereto as Exhibit "E."

5

WHEREFORE, SSJC respectfully requests judgment finding that the Intermediate Lease was not subordinated or otherwise adversely affected by the DIP Order; the Intermediate Lease was not extinguished by the foreclosure, awarding costs and disbursements of this adversary proceeding, including attorneys fees if recoverable by law or contract; and awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 6, 2009

LeCLAIRRYAN, a Professional Corporation

By: /s/ Michael T. Conway
Michael T. Conway
830 Third Avenue
New York, New York 10022
Telephone: (212) 430-8032
Facsimile: (212) 430-8062

CERTIFICATE OF SERVICE

I, MICHAEL T. CONWAY, an attorney duly admitted to the practice of law in this state, certify the following to be true under the penalties of perjury: on July 6, 2009, I served the within **ANSWER TO COMPLAINT** on the parties listed below by e-mail and by depositing one true copy of said paper to the addresses listed below, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

>Jeffrey A. Miller, Esq.
>Westerman Ball Ederer Miller & Sharfstein, LLP
>170 Old Country Road, Suite 400
>Mineola, New York 11501

Dated: New York, New York
July 6, 2009

>/s/ Michael T. Conway
>Michael T. Conway